United States District Court
Southern District of Texas
**ENTERED**
April 27, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | |
| § | |
| 43.412 ACRES OF LAND, more or less, in § | CIVIL ACTION NO. 7:20-cv-00239 |
| HIDALGO COUNTY, TEXAS; HIDALGO § | |
| COUNTY IRRIGATION DISTRICT § | |
| NO. 2; CITY OF PHARR, TEXAS; and § | |
| UNKNOWN LANDOWNERS, § | |
| § | |
| Defendants. § | |

# ORDER

The Court now considers the parties' "Joint Motion for Leave of Court to Modify Scheduling Order Deadlines."[1] This eminent domain case commenced in August 2020.[2] On November 3, 2020, the Court entered a scheduling order which granted the parties' requested discovery deadline date.[3] The Court granted an extension to the first remaining deadline in January 2021 to account for the parties changing the takings plans.[4] Two months later, the parties requested an extension of all deadlines in light of President Biden's proclamation which put a pause on this eminent domain action,[5] but the Court only granted an extension to one deadline.[6] Now, the parties again request an extension of all deadlines. The parties argue that, even though the presidential proclamation has effectively expired, the "plan for redirection of funds has not been completed" and Plaintiff United States lacks official direction regarding this eminent domain case.[7] Because construction has paused and the parties are unable to ascertain the extent

---

[1] Dkt. No. 29.
[2] Dkt. No. 1.
[3] Dkt. Nos. 16, 19.
[4] Dkt. No. 26.
[5] Dkt. No. 27.
[6] Dkt. No. 28.
[7] Dkt. No. 29 at 5, ¶¶ 12–13.

of future construction or the scope of necessary takings, the parties argue that they cannot "in good faith resolve the issue of just compensation in this case under the existing Scheduling Order deadlines" so the Court should grant a 90-day extension to all remaining deadlines.[8]

However, the parties do not provide good cause for a 90-day extension. Plaintiff United States argues that it "continues to await guidance on whether it will be allowed to proceed" with the construction and takings at issue in this case, but the parties do not show that 90 days will be sufficient.[9] The United States also acts as though it is blameless, that "border infrastructure remains incomplete and through no fault of the Parties," the pause on construction has impacted border operations.[10] The Court reminds the United States that it is the United States which is the source of the holdup on border operations and border infrastructure construction. The United States offers no indication that the border infrastructure plan will be complete within 90 days, or that the parties are unlikely to return in 90 days seeking extensions for identical reasons. The parties have not shown good cause for an extension because their reasoning for requesting an extension is an indefinite panchreston, and because the United States is itself the cause of the present delay and should not be heard to complain about its self-imposed difficulties.[11] For these reasons, the parties' joint motion to modify the scheduling deadlines in this case is **DENIED**.[12]

IT IS SO ORDERED.

DONE at McAllen, Texas, this 27th day of April 2021.

_____
Micaela Alvarez
United States District Judge

---

[8] *Id.* at 5–6, ¶¶ 13–15.
[9] *Id.* at 5, ¶ 12.
[10] *Id.*
[11] *Cf. Squyres v. Heico Cos., LLC*, 782 F.3d 224, 238 (5th Cir. 2015) (affirming the district court's denial of a scheduling extension in part because the delay was self-imposed).
[12] Dkt. No. 29.