Case 7:20-cv-00239 Document 36 Filed on 06/18/21 in TXSD Page 1 of 11

United States District Court
Southern District of Texas
**ENTERED**
June 21, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | |
| § | |
| 43.412 ACRES OF LAND, more or less, in § | CIVIL ACTION NO. 7:20-cv-00239 |
| HIDALGO COUNTY, TEXAS; HIDALGO § | |
| COUNTY IRRIGATION DISTRICT § | |
| NO. 2; CITY OF PHARR, TEXAS; and § | |
| UNKNOWN LANDOWNERS, § | |
| § | |
| Defendants. § | |

## PROTECTIVE ORDER

The Court now considers the parties' "Joint Motion for Entry of Stipulated Protective Order."[1] In a motion that is now familiar to the Court,[2] the parties seek to enter a protective order regarding "sensitive" border infrastructure details, such as information "regarding constructing, installing, operating, and maintaining roads, fencing, vehicle barriers, security lighting, cameras, sensors, and related structures" that the parties argue could compromise national security if not barred from unrestricted disclosure.[3] Defendants seek this information in order to meet their burden of proof to establish the value of the land to be condemned.[4]

---

[1] Dkt. No. 35.
[2] *See United States v. 4.620 Acres of Land, more or less, in Hidalgo Cnty.*, No. 7:20-cv-154, Dkt. No. 38 (S.D. Tex. Feb. 12, 2021) (Alvarez, J.); *United States v. 7.731 Acres of Land, more or less, in Starr Cnty.*, No. 7:20-cv-250, Dkt. No. 26 (S.D. Tex. Apr. 12, 2021) (Alvarez, J.).
[3] Dkt. No. 35 at 4, ¶ 11.
[4] *Id.* & n.17 (citing *United States v. 30.00 Acres of Land*, No. 7:19-cv-254, 2020 WL 1854189, at *2 (S.D. Tex. Apr. 13, 2020) (Alvarez, J.)).

"The district court may, for good cause, issue a protective order to 'protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense,'"[5] and in particular the Court may require that "confidential research, development, or commercial information not be revealed or be revealed only in a specified way."[6] However, "[t]he federal courts have superimposed a somewhat demanding balancing of interests approach to the Rule."[7] The good cause standard and the balancing of interests approach calls for more than a mere request; "[t]he movant bears the burden of showing that a protective order is necessary, 'which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements.'"[8] Entering a protective order absent a particularized demonstration of good cause may constitute an abuse of discretion.[9] Nevertheless, the protective order standard is more lenient than sealing judicial records.[10]

The Court finds good cause in the parties' request for a protective order with respect to border infrastructure information. Obviously, public disclosure of such information could aid criminal circumvention and countermeasures deployed against the border security infrastructure, or could reveal secret technical information, either of which could undermine the national security interests of the United States. The Court accordingly **GRANTS** the parties' joint motion for a protective order[11] and enters the following protective order pursuant to Federal Rule of Civil Procedure 26(c):

**1. Proceedings and Information Governed.**

---

[5] *In re LeBlanc*, 559 F. App'x 389, 392 (5th Cir. 2014) (quoting FED. R. CIV. P. 26(c)(1)).
[6] FED. R. CIV. P. 26(c)(1)(G).
[7] *Cazorla v. Koch Foods of Miss., L.L.C.*, 838 F.3d 540, 555 (5th Cir. 2016) (quotation omitted).
[8] *EEOC v. BDO USA, L.L.P.*, 876 F.3d 690, 698 (5th Cir. 2017) (quoting *In re Terra Int'l*, 134 F.3d 302, 306 (5th Cir. 1998)).
[9] *See In re Terra Int'l*, 134 F.3d at 306.
[10] *See Le v. Exeter Fin. Corp.*, 990 F.3d 410, 417–18 (5th Cir. 2021).
[11] Dkt. No. 35.

This protective order applies to any document, information, or other tangible or intangible thing (collectively, "documents") disclosing border infrastructure details that are furnished by a party to any other party, as well as documents furnished by non-parties who receive subpoenas in connection with this action, if and when the documents are designated by a party or non-party as "Confidential Information" or "Highly Confidential Information" in accordance with the terms of this protective order. This protective order also applies to copies, excerpts, abstracts, analyses, summaries, descriptions, or other forms of recorded information or data containing, reflecting, or disclosing all or parts of designated documents.

**2. Designation and Maintenance of Documents and Information.**

    **A.** The "Confidential Information" designation means that the document contains information not publicly known and deemed by the producing party to require limited disclosure to protect financial or security interests.

    **B.** The "Highly Confidential Information" designation means that the document contains information that the producing party deems especially sensitive, which may include, but is not limited to, law enforcement sensitive information, technical information, and any other highly sensitive information, the confidentiality of which is necessary to protect the national security interests of the United States.

    **C.** "Confidential Information" and "Highly Confidential Information" does not include, and this protective order does not apply to, documents already in the knowledge or possession of the party to whom disclosure is made unless that party is already bound by an agreement not to disclose such information, or information that has been disclosed to the public or third persons in a manner making such information no longer confidential.

**3. Documents Produced in Discovery and Depositions.**

**A.** Documents and things produced during the course of this litigation within the scope of paragraph 2.A above may be designated by the producing party as containing "Confidential Information" by placing on each page and each thing a legend substantially as follows:

"CONFIDENTIAL INFORMATION - SUBJECT TO PROTECTIVE ORDER"

Documents and things produced during the course of this litigation within the scope of paragraph 2.B above may be designated by the producing party as containing "Highly Confidential Information" by placing on each page and each thing a legend substantially as follows:

"HIGHLY CONFIDENTIAL INFORMATION - SUBJECT TO PROTECTIVE ORDER"

**B. Depositions**

**(i)** For deposition testimony or exhibits to be entitled to protection under this order, a party must designate the testimony and exhibits disclosed at a deposition as "Confidential Information" or "Highly Confidential Information" by requesting the reporter to so designate the transcript or any portion of the transcript at the time of the deposition.

**(ii)** If no such designation is made at the time of the deposition, any party has 14 days after delivery by the court reporter of the transcript of the deposition testimony to designate, in writing to the other parties and to the court reporter, what portions of the transcript and which exhibits the party designates as "Confidential Information" or "Highly Confidential Information."

**(iii)** During the transcription and following 14 day period after a deposition session, the transcript and exhibits must be treated as Highly Confidential Information, unless the disclosing party consents to less confidential treatment of the information.

**(iv)** Each party and the court reporter must attach a copy of any final and timely written designation notice to the transcript and each copy of the transcript in its possession, custody or control, and the portions designated in such notice must thereafter be treated in accordance with this protective order. It is the responsibility of counsel for each party to maintain materials containing Confidential Information or Highly Confidential Information in a secure manner and appropriately identified so as to allow access to such information only to such persons and under such terms as is permitted under this protective order.

**(v)** If no such designation is made at the deposition or within the 14-day period following delivery of the transcript, then the entire deposition and transcript will be considered devoid of Confidential Information or Highly Confidential Information.

**4. <u>Inadvertent Failure to Designate</u>.**

**A.** The inadvertent failure to designate documents as "Confidential Information" or "Highly Confidential Information" will not be a waiver of a claim that the document contains confidential information, and will not prevent the producing party from designating such information as confidential at a later date in writing, so long as the designation is done with particularity.

**B.** In the event a producing party late designates a document as "Confidential Information" or "Highly Confidential Information," the document must be treated by the receiving party as confidential from the time of receipt of the notice of the "Confidential Information" or "Highly Confidential Information" designation.

**5. <u>Challenges to Designations</u>.**

A party shall not be obligated to challenge the propriety of a designation of Confidential Information or Highly Confidential Information at the time such designation is made, and a failure to do so shall not preclude a subsequent challenge to the designation. In the event that any party to this litigation disagrees at any stage of these proceedings with the designation of any information as Confidential Information or Highly Confidential Information, the parties shall first try to resolve the dispute in good faith on an informal basis, such as by production of redacted copies. If the dispute cannot be resolved, the objecting party may invoke this protective order by objecting in writing to the party who designated the document or information as Confidential Information or Highly Confidential Information. The designating party shall then have 14 days to move the court for an order preserving the designation status of the disputed information, and if the designating party does so within 14 days, the disputed information shall remain Confidential Information or Highly Confidential Information unless and until the Court orders otherwise. Failure to timely move the Court to maintain the designation status of the disputed information shall result in a termination of the status of such item or information as Confidential Information or Highly Confidential Information.

**6. Disclosure and Use of Confidential Information.**

   **A.** Information designated as "Confidential Information" or "Highly Confidential Information" may only be used for purposes of preparation, trial, and appeal of this action. "Confidential Information" or "Highly Confidential Information" may not be used under any circumstances for any purpose other than preparation related to this eminent domain proceeding.

   **B.** "Confidential Information" may be disclosed by the receiving party only to the following individuals, provided that such individuals are informed of the terms of this protective order:

(a) persons who are parties to this lawsuit or representatives of an entity or entities who are parties to this lawsuit; (b) counsel of record for the receiving party; (c) supporting personnel employed by counsel for the receiving party, such as paralegals, legal secretaries, and legal clerks; (d) subject to the provisions of paragraph 6.D, experts or consultants; and (e) subject to the provisions of paragraph 6.D, any persons requested by counsel to furnish services such as photocopying services, document coding, image scanning, mock trial, jury profiling, translation services, court reporting services, demonstrative exhibit preparation, or the creation of any computer database from documents.

**C.** "Highly Confidential Information" shall be subject to all of the protections afforded to "Confidential Information," in addition to the following protections:

**(i)** Any "Highly Confidential Information" produced in discovery shall be made available for inspection, in a format allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times, at an office of the producing party or another mutually agreed upon location. If in digital format, the "Highly Confidential Information" shall be made available for inspection on a secured computer in a secured room without Internet access or network access to other computers, and the receiving party shall not copy, remove, or otherwise transfer any portion of the "Highly Confidential Information" onto any recordable media or recordable device. The producing party may visually monitor the activities of the receiving party's representatives during any review, but only to ensure that there is no unauthorized recording, copying, or transmission of the "Highly Confidential Information."

**(ii)** The receiving party may request paper copies of limited portions of "Highly Confidential Information" that are reasonably necessary for the preparation of court

filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purposes of reviewing the "Highly Confidential Information" other than as set forth above. The producing party shall provide all such "Highly Confidential Information" in paper form including bates numbers and the label "Highly Confidential Information." The producing party may challenge the amount of "Highly Confidential Information" requested in hard copy form pursuant to the dispute resolution procedure and timeframes set forth in paragraph 5 above, whereby the receiving party may seek resolution by the Court as the amount and reasonableness of any paper copies sought.

**(iii)** The receiving party shall maintain a record of any individual who has inspected any portion of the "Highly Confidential Information" in electronic or paper form. The receiving party shall maintain all paper copies of any printed portions of the "Highly Confidential Information" in a secured, locked area. The receiving party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format. The receiving party shall only make additional paper copies if such additional copies are (1) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's report), (2) necessary for deposition, or (3) otherwise necessary for the preparation of its case. Any paper copies used during a deposition shall be retrieved by the producing party at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual.

**D.** Further, prior to disclosing "Confidential Information" or "Highly Confidential Information" to a receiving party's proposed expert or consultant, the receiving party must

provide to the producing party a signed Confidentiality Agreement in the form provided by the parties.[12] The receiving party shall maintain a log which documents every individual, outside receiving party's attorneys and their professional staff that has viewed documents and records turned over through this lawsuit. The receiving party's log shall be available for presentation to the Court upon the Court's request or upon the request of the party disclosing "Confidential Information" or "Highly Confidential Information."

**7. Non-Party Information.**

The existence of this protective order must be disclosed to any person producing documents, tangible things, or testimony in this action who may reasonably be expected to desire confidential treatment for such documents, tangible things, or testimony. Any such person may designate documents, tangible things, or testimony confidential pursuant to this protective order.

**8. Filing Documents with the Court.**

Any party may submit Confidential Information to the court by designating the document "Highly Sensitive Document" in accordance with this Court's General Order 2021-3[13] and hand-delivering the document for filing by the Clerk's Office. Such Highly Sensitive Document shall not be filed electronically.

**9. No Prejudice.**

Producing or receiving "Confidential Information" or "Highly Confidential Information," or otherwise complying with the terms of this protective order, will not: (a) prejudice the rights of the receiving party to object to the producing party's designation of any information as "Confidential Information" or "Highly Confidential Information" under the terms of this protective order; (b) prejudice the rights of a party to object to the production of information or

---

[12] Dkt. No. 35-1 at 7–9 (exhibit A for expert consultants and employees and exhibit B for vendors).
[13] *In Re: Procedures for the Filing, Service, and Management of Highly Sensitive Documents ("HSDs")*, Gen. Order No. 2021-3 (S.D. Tex. Jan. 19, 2021), https://www.txs.uscourts.gov/file/5820/download?token=KYfgTxjN.

material that the party does not consider to be within the scope of discovery; (c) prejudice the rights of a party to seek a determination by the Court that particular materials be produced; (d) prejudice the rights of a party to apply to the Court for further protective orders; or (e) prevent the parties from agreeing in writing to alter or waive the provisions or protections provided for in this protective order with respect to any particular information or material.

**10. Conclusion of Litigation.**

Within 60 days after final judgment in this action, including the exhaustion of all appeals, or within sixty 60 days after dismissal pursuant to a settlement agreement, following a written request from the opposing party, each party or other person subject to the terms of this protective order has a duty to destroy or return to the producing party all materials and documents containing "Confidential Information" or "Highly Confidential Information," and to certify to the producing party that this destruction or return has been done.

**11. Other Proceedings.**

By entering this protective order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this protective order who may be subject to a motion to disclose another party's information designated "Confidential" or "Highly Confidential" pursuant to this protective order must promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed in the other case.

**12. Remedies.**

This protective order is subject to Federal Rule of Civil Procedure 37 and any other sanctions and powers available to the Court.

13. **Relief from Protective Order.**

Any party may petition the Court for good cause shown if the party desires relief from a term or condition of this protective order.

    IT IS SO ORDERED.

    DONE at McAllen, Texas, this 18th day of June 2021.

                                          Micaela Alvarez
                                    United States District Judge