UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § <br> § <br> Plaintiff, § <br> § <br> VS. § <br> § <br> 43.412 ACRES OF LAND, more or less, in § <br> HIDALGO COUNTY, TEXAS; HIDALGO § <br> COUNTY IRRIGATION DISTRICT § <br> NO. 2; CITY OF PHARR, TEXAS; and § <br> UNKNOWN LANDOWNERS, § <br> § <br> Defendants. § | CIVIL ACTION NO. 7:20-cv-00239 |

## OPINION AND ORDER

The Court now considers Plaintiff United States' "Opposed Motion for Leave of Court to Modify Scheduling Order Deadline."[1] The Court first admonishes the United States for its failure to follow Local Rule 10.1 in the caption of its motion. Although the United States' motion ordinarily would not be submitted for the Court's consideration until July 14, 2021,[2] the United States seeks to extend a June 25th deadline,[3] so the Court considers the motion now in light of its opposition.

Plaintiff United States commenced this eminent domain case on August 25, 2020.[4] The Court's original scheduling order issued on November 3rd, granting the parties all the time they requested (10 months, give or take) to conduct discovery.[5] On January 12, 2021, the Court granted its first extension to the first scheduling order deadline in light of "the parties' continued

---

[1] Dkt. No. 37
[2] LR7.3.
[3] *Id.* at 1.
[4] Dkt. No. 1.
[5] Dkt. Nos. 16, 19.

negotiations and the necessary modifications to the taking contemplated in this case, specifically the need to abandon the taking of one tract or a portion thereof."[6] On March 11th, the Court extended the same deadline again upon joint request of the parties in light of President Biden's proclamation which paused border land condemnation and construction, but denied the parties' request to extend all other deadlines.[7] On April 27th, the Court again considered a joint request for an extension but denied the parties' request in its entirety, finding that the fact that the United States had not developed a border plan despite the presidential pause did not furnish good cause for another extension.[8] However, on May 13th, the Court considered Defendant Hidalgo County Irrigation District No. 2's unopposed motion to extend the scheduling order and granted it in part, extending all Defendants' time to designate experts and provide expert reports, but denying Defendant's further request to continue all deadlines until the United States finalizes its construction plans.[9] On June 1st, the Court denied in its entirety Defendant City of Pharr's "nearly identical" motion—since the requested relief had already been considered—and openly pondered "whether a sixth successive motion may miraculously move the Court to hold itself hostage to the whim of Washington, D.C. politicians and abate this case until the United States ascertains its border construction plans."[10]

The instant motion is that very sixth successive motion seeking an extension. The United States filed the instant motion at 4:27 p.m. on June 23rd seeking an extension to its June 25th deadline to designate experts and provide expert reports. Even though the United States had agreed as of May 7th or earlier "to re-vest certain portions of its taking,"[11] the United States now

---

[6] Dkt. No. 26 at 2 (citing Dkt. No. 25 at 3, ¶ 10).
[7] Dkt. No. 28.
[8] Dkt. No. 30.
[9] Dkt. No. 33.
[10] Dkt. No. 34 (quotations omitted).
[11] Dkt. No. 31 at 2, ¶ 5.

represents that its expert appraiser cannot account, in his or her expert report, for the revestment by the deadline.[12] The United States further contends that Defendant City of Pharr produced title documents at some unknown time claiming ownership previously unknown to the United States, so the United States' expert appraiser "cannot reasonably account for a valuation of the City of Pharr's interest as to [the subject property] by the June 25, 2021 deadline until ownership of the City of Pharr is confirmed."[13] The United States requests an extension of its June 25th expert designation and report deadline to August 7th, which is 20 days before both Defendants' expert designation and report deadline and the discovery deadline, or alternatively that the Court permit post-deadline amendment of the United States' expert report.[14]

Federal Rule of Civil Procedure 16(b)(4) requires good cause to modify a scheduling order.[15] The Court has "broad discretion to preserve the integrity and purpose of the pretrial order,"[16] even if the result of enforcing a scheduling order is that a party cannot obtain discovery. "There are four relevant factors to consider when determining whether there is good cause under Rule 16(b)(4): '(1) the explanation for the failure to timely [comply with the scheduling order]; (2) the importance of the [modification]; (3) potential prejudice in allowing the [modification]; and (4) the availability of a continuance to cure such prejudice.'"[17] "No single factor is dispositive, nor must all the factors be present."[18] "The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the

---

[12] Dkt. No. 37 at 5, ¶ 10.
[13] *Id.* ¶ 11.
[14] *Id.* at 6, ¶ 12.
[15] FED. R. CIV. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.").
[16] *Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir. 1990) (quoting *Hodges v. United States,* 597 F.2d 1014, 1018 (5th Cir. 1979)).
[17] *Springboards To Educ., Inc. v. Hous. Indep. Sch. Dist.*, 912 F.3d 805, 819 (5th Cir. 2019) (alterations in original) (quoting *Squyres v. Heico Cos.*, 782 F.3d 224, 237 (5th Cir. 2015)).
[18] *Sapp v. Mem'l Hermann Healthcare Sys.*, 406 F. App'x 866, 869 (5th Cir. 2010).

party needing the extension.'"[19] Furthermore, the Court does not possess unlimited discretion to allow umpteen extensions.[20] As William Gladstone and the Fifth Circuit powerfully put it, "justice delayed is justice denied,"[21] and the Court may "refuse to do litigants' work for them" by granting numerous extensions when the parties fail to diligently comply with the Court's scheduling order and complete discovery.[22] "A district court has inherent power 'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'"[23]

The Court now turns to the first factor for assessing good cause for a scheduling order extension. The United States explains that it "has received guidance to proceed with a partial revestment of land taken in this case in favor of Defendant HCID2," but does not explain when this "guidance" was received or why the United States was able to agree to partial revestment on May 7th or earlier but unable to seek the present extension until 47 days later.[24] The United States also explains that it is reviewing Defendant City of Pharr's title documents, but again provides no explanation for when the title documents were received, why the United States did not discover the information for itself, or even why confirmation of the relevant ownership interests is delayed such that the expert report cannot account for the information, or consider the title documents in the alternative.[25] The first factor weighs against modifying the scheduling order.

---

[19] *S&W Enters. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003) (quoting 6A ARTHUR R. MILLER, MARY KAY KANE & A. BENJAMIN SPENCER, FEDERAL PRACTICE AND PROCEDURE § 1522.1 (2d ed. 1990)).
[20] *Cf. In re United States ex rel. Drummond*, 886 F.3d 448, 450 (5th Cir. 2018).
[21] *Id.*
[22] *Env't Tex. Citizen Lobby, Inc. v. ExxonMobil Corp.*, 968 F.3d 357, 374 (5th Cir. 2020).
[23] *United States v. Colomb*, 419 F.3d 292, 299 (5th Cir. 2005) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).
[24] Dkt. No. 37 at 5, ¶ 10.
[25] *See id.* ¶ 11.

The second good cause factor regards the importance of the proposed modification. The United States argues only that "[a] survey of the land subject to revestment is currently on order," but until such survey is completed, delivered, and agreed to, the United States' expert will appraise the property as a whole without the revestment.[26] Additionally, the United States argues that its expert appraiser cannot account for the City of Pharr's ownership until such ownership "is confirmed" at some indefinite time in the future.[27] However, '[t]he importance of such proposed testimony cannot singularly override the enforcement of local rules and scheduling orders' [and] the claimed importance of Plaintiff['s] expert testimony merely underscores the need for Plaintif[f] to have complied with the court's deadlines."[28] The Court finds that the importance of the United States' expert appraiser is important to the valuation and just compensation issue, but that this analytical factor weighs only slightly in favor of the United States.

The third factor regards potential prejudice to Defendants, who oppose the United States' motion.[29] The potential prejudice is obvious. If the Court granted the United States' request to move its expert designation and reports deadline to August 7th, Defendants and their experts would have less than 3 weeks until the discovery deadline, instead of their anticipated 9 weeks. If the Court granted the United States' alternative request to amend its expert report at some unspecified time, the potential prejudice is even greater as Defendants may have little to no notice of new expert discovery before the discovery deadline. The Court finds that the third factor weighs heavily against the United States.

---

[26] *Id.* ¶ 10.
[27] *Id.* ¶ 11.
[28] *Barrett v. Atl. Richfield Co.*, 95 F.3d 375, 381 (5th Cir. 1996) (alteration in original) (quoting *Geiserman v. MacDonald*, 893 F.2d 787, 792 (5th Cir. 1990)).
[29] Dkt. No. 37 at 7.

The fourth factor concerns the availability of a continuance. As the Court has made abundantly clear in its repeated denials of continuances,[30] the November 2020 scheduling order which granted the parties' request for a generous nearly 10 months to conduct discovery must be observed. A continuance would "entail additional expense to Defendants and further delay their day in court and would not deter future dilatory behavior, nor serve to enforce local rules or court imposed scheduling orders."[31] The fourth factor weighs against extending the scheduling order.

Importantly, the United States has not shown why the discovery deadlines cannot be met despite its past and present due diligence in prosecuting this case.[32] The Court is left to wonder when the United States "received guidance" from itself with respect to the revestment of land it had already agreed to, or when Defendant City of Pharr produced title documents and why the United States needs some 45 days to review them, or why the United States waited until 2 days before its expert deadline to seek an extension when the issue should have been apparent some 6 weeks ago or more.[33] The Court finds that the balance of factors for determining whether the United States has presented good cause to modify the Court's scheduling order weigh strongly against the United States. The Court also finds that the United States has not demonstrated that the scheduling order deadlines cannot reasonably be met despite the United States' diligence. Accordingly, the United States' motion to extend the Court's scheduling order[34] is **DENIED**.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 28th day of June 2021.

_____
Micaela Alvarez

---

[30] *See* Dkt. Nos. 30, 34.
[31] *Betzel v. State Farm Lloyds*, 480 F.3d 704, 708–09 (5th Cir. 2007) (cleaned up).
[32] *See supra* notes 19 & 22.
[33] Dkt. No. 37 at 5, ¶¶ 10–11.
[34] Dkt. No. 37.