IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, *Plaintiff,* | § § § | |
| v. | § § | CIVIL ACTION NO. 7:20-cv-00239 |
| 43.412 ACRES OF LAND, MORE OR LESS, SITUATE IN HIDALGO COUNTY, STATE OF TEXAS, HIDALGO COUNTY IRRIGATION DISTRICT NUMBER 2, *et al.*, *Defendants*. | § § § § § § | |

**OPPOSED MOTION FOR LEAVE OF COURT TO MODIFY SCHEDULING ORDER**

1. Pursuant to Federal Rule of Civil Procedure 16(b)(4), the United States of America files this motion requesting that the Court modify the First Amended Scheduling Order[1] to extend the discovery deadline from August 27, 2021 to September 10, 2021 for the express purpose of allowing the United States to take the deposition of any expert witness(es) designated by Defendants.[2] Under the current scheduling order, the landowners' expert designations and reports are not due until the close of discovery.[3] The United States is unable to gather necessary discovery in compliance with the currently existing discovery deadline. Without the relief requested, the United States would be deprived of an opportunity to depose the Defendants' expert witness(es). Avoiding this serious harm would cause only minor prejudice to Defendants. While a continuance could address the minor prejudice caused by the relief requested herein, the United States does not expect that a two-week extension of the discovery deadline necessitates a continuance.

---

[1] Dkt. No. 33.
[2] Plaintiff notes that the deadline made the basis of this motion has not passed but, pursuant to the rules of Federal Civil Procedure and by order of the Court, Plaintiff files this motion requesting that the Court extend the discovery deadline to allow Plaintiff an opportunity to depose Defendants' expert witness(es). *See* Dkt. No. 33 at 5 (ordering that the existing scheduling order "shall not be modified except by leave of Court upon showing of good cause").
[3] Dkt. No. 33 at 4.

Furthermore, the United States does not wish to disrupt the Court's docket or unnecessarily delay the trial.

## RELEVANT PROCEDURAL BACKGROUND

2. On May 13, 2021, the Court entered its First Amended Scheduling Order at the request of Defendant Hidalgo County Irrigation District Number 2.[4] The First Amended Scheduling Order extended Defendants' deadline to designate experts from June 25, 2021 to August 27, 2021.[5] The close of discovery is also scheduled to take place on August 27, 2021.[6]

## LEGAL STANDARD

3. Rule 16 permits the modification of a Court's scheduling order upon a showing of good cause.[7] "There are four relevant factors to consider when determining whether there is good cause under Rule 16(b)(4): '(1) the explanation for the failure to timely [comply with the scheduling order]; (2) the importance of the [modification]; (3) potential prejudice in allowing the [modification]; and (4) the availability of a continuance to cure such prejudice.'"[8]

## REQUEST FOR LEAVE OF COURT TO MODIFY THE DISCOVERY DEADLINE IN THE FIRST AMENDED SCHEDULING ORDER

4. The current discovery deadline is the same day as the deadline for Defendants to designate their expert witness(es) and produce any expert report(s) they intend to use in accordance with Federal Rule of Civil Procedure 26(a)(2).[9] The deposition of any expert witness(es) designated by Defendants "may be conducted only after the report is provided."[10] The existing schedule deprives the United States of any days in which to prepare for and take the deposition of

---

[4] *Id.*
[5] *Id*.
[6] *Id.*
[7] Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.").
[8] *Squyres v. Heico Cos., LLC*, 782 F.3d 224, 237 (5th Cir. 2015) (quoting *Meaux Surface Protection Inc. v. Fogleman*, 607 F.3d 161, 167 (5th Cir. 2010)) (brackets supplied by citing decision).
[9] Dkt. No. 33 at 4.
[10] Fed. R. Civ. P. 26(b)(4)(A).

the expert witness(es) designated by Defendants. In light of this, the United States is unable to gather necessary discovery in compliance with the current scheduling order.

5. The requested modification is of the utmost importance. In the absence of this modification to the schedule, the United States would be unable to depose Defendants' expert witness(es) during the discovery period. The United States has a right to "depose any person who has been identified as an expert whose opinions may be presented at trial."[11] Exercising this right is especially important in light of the fact that Defendants are likely to rely heavily upon expert testimony to attempt to meet their burden of establishing the value of the land at issue.[12] Indeed, this Court has recognized that a party is harmed by being denied the opportunity to depose an opposing party's expert during the discovery period.[13] And the committee advising the 1970 amendment to the Federal Rules of Civil Procedure specifically identified "condemnation cases" when noting that "a prohibition against discovery of information held by expert witnesses produces in acute form the very evils that discovery has been created to prevent."[14] The United States effectively faces such a prohibition against expert discovery under the current scheduling order. The United States needs the relief requested herein to avoid facing such a prohibition against expert discovery.

---

[11] FED. R. CIV. P. 26(b)(4)(A).

[12] The burden of establishing the value of the condemned land rests with the former landowner, not the United States. *United States ex rel. Tenn. Valley Auth. v. Powelson*, 319 U.S. 266, 273 (1943) ("The burden of establishing the value of the lands sought to be condemned was on [the former landowner] respondent."); *United States v. 62.50 Acres of Land in Jefferson Par.*, 953 F.2d 886, 890 (5th Cir. 1992) ("The burden of establishing the value of the land sought to be condemned remains with the landowner.") (citing *Powelson*, 319 U.S. 266, 273); *United States v. 10.64 Acres of Land*, No. 7:08-CV-00066, 2021 WL 733649, at *3 (S.D. Tex. Feb. 25, 2021) ("The burden of establishing the value of the land sought to be condemned rests with the landowner.") (quotation marks and alteration omitted) (citing *United States v. 62.50 Acres of Land in Jefferson Par.*, 953 F.2d at 890).

[13] *Ocanas v. State Farm Lloyds*, No. 7:14-CV-350, 2015 WL 12777220, at *5 (S.D. Tex. July 29, 2015) (noting that Defendant suffered harm "because Defendant was not permitted to depose [Plaintiff's expert] during the discovery period").

[14] Notes of Advisory Comm. on Rule 26 Subsection (b)(4)(A) (1970 Amendment).

6. Additionally, the prejudice to Defendants is minor. If the Court grants the requested relief, Defendants will have to defend the deposition of any expert witness(es) they designate. This is a burden litigants can normally expect to bear, when they designate an expert who will testify at trial.[15] Also, granting the requested relief would not affect any other dates or deadlines contained within the First Amended Scheduling Order. The requested two-week extension would not prevent the parties from meeting the September 14, 2021 deadline to notify the Court whether the parties consent to the Court deciding the issue of just compensation upon briefs or request an evidentiary hearing.

7. Finally, while a continuance could be granted to address the minor prejudice suffered by Defendants, the United States does not believe that a continuance is necessary. Moreover, the United States does not wish to disrupt the Court's docket or unnecessarily delay the trial.

8. Accordingly, because the landowners' expert reports are not to be delivered until the last day of discovery, the United States respectfully requests leave of Court to modify the First Amended Scheduling Order by extending the discovery deadline from August 27, 2021 to September 10, 2021 to allow the United States to depose any expert witness(es) designated by Defendants. This request by the United States is made in good faith and not for the purpose of delay.

                                                Respectfully submitted,

                                                **JENNIFER B. LOWERY**
                                                Acting United States Attorney
                                                Southern District of Texas

                                                *s/ Baltazar Salazar*

---

[15] *See, e.g.*, FED. R. CIV. P. 26(b)(4)(A) (specifically contemplating the timing of the deposition of an expert who may testify).

**Baltazar Salazar**
Assistant United States Attorney
Attorney-in-Charge for Plaintiff
S.D. Tex. ID. No. 3135288
Texas Bar No. 24106385
**UNITED STATES ATTORNEY'S OFFICE**
**SOUTHERN DISTRICT OF TEXAS**
600 E. Harrison, Suite 201
Brownsville, Texas 78520
Telephone: (956) 983-5067
Facsimile: (956) 548-2775
Email: Baltazar.Salazar@usdoj.gov

## CERTIFICATE OF CONFERENCE

On August 13, 2021, the undersigned counsel for the United States conferred with counsel for Defendant Hidalgo County Irrigation District No. 2, who provided that Defendant is opposed to this motion; and conferred with the City Attorney for the City of Pharr, who provided that the Defendant City of Pharr is unopposed to this motion.

*s/ Baltazar Salazar*
**Baltazar Salazar**
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I certify that on August 13, 2021, a copy of the foregoing document was served on counsel for Defendants via CM/ECF notice of electronic filing.

*s/ Baltazar Salazar*
**Baltazar Salazar**
Assistant United States Attorney