Case 7:20-cv-00239   Document 40   Filed on 08/16/21 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
August 16, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | |
| | § | |
| 43.412 ACRES OF LAND, more or less, in | § | CIVIL ACTION NO. 7:20-cv-00239 |
| HIDALGO COUNTY, TEXAS; HIDALGO | § | |
| COUNTY IRRIGATION DISTRICT | § | |
| NO. 2; CITY OF PHARR, TEXAS; and | § | |
| UNKNOWN LANDOWNERS, | § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER

The Court now considers Plaintiff United States' "Opposed Motion for Leave of Court to Modify Scheduling Order."[1] Although the motion is opposed, the Court exercises its discretion to consider the motion now.[2] This is the seventh motion to modify the Court's scheduling orders in this case. The Court granted one extension on March 11, 2021, in light of President Biden's proclamation which halted border construction.[3] On April 27th, the Court denied another scheduling order extension because the United States had failed to develop border construction plans.[4] But importantly, on May 13th, the Court granted one Defendant's motion and modified its scheduling order in the following manner. Whereas previously all parties were required to designate expert witnesses and provide expert reports on June 25, 2021, and all parties were required to designate rebuttal expert witnesses and provide their reports on August 9, 2021,[5] the

---

[1] Dkt. No. 39.
[2] *See* LR7.8. The motion would not ordinarily be submitted for the Court's consideration under Local Rule 7.3 until the deadline sought to be extended had passed.
[3] Dkt. No. 28.
[4] Dkt. No. 30.
[5] Dkt. No. 19 at 2.

Court modified the scheduling order so that only Plaintiff United States was required to designate experts and provide expert reports on June 25, 2021, but the Court granted all Defendants an extension to designate their experts and provide expert reports on the same day as the discovery deadline, August 27, 2021.[6] The Court previously declined to abate the case, or provide umpteen extensions, because the United States had continually failed to develop border construction plans, but the Court granted this particular extension to Defendants "only" because Defendants are "not at fault with respect to the border plans."[7]

Months later, two weeks before the discovery deadline, the United States filed the instant motion to extend the discovery deadline from August 27th to September 10th "for the express purpose of allowing the United States to take the deposition of any expert witness(es) designated by Defendants."[8] However, this seventh successive motion is simply another avenue that the United States seeks to take to cause the Court to countenance the United States' delay with respect to border infrastructure plans and construction. After granting one early extension for the parties' negotiations,[9] partially granting another extension for the border pause,[10] denying another extension for the border pause,[11] partially granting yet another extension in light of the border pause to Defendants,[12] denying the identical request,[13] and then denying an extension for the United States' experts given the inexplicably dilatory behavior of the United States and the prejudice to Defendants,[14] the United States now takes a different angle—discussing the importance of deposing Defendants' experts[15]—in order to cure the United States' past delays. Specifically, even though the Court originally granted the United States an ample ten months to

---

[6] Dkt. No. 33.
[7] *Id.* at 3.
[8] Dkt. No. 39 at 1, ¶ 1.
[9] Dkt. No. 26.
[10] Dkt. No. 28.
[11] Dkt. No. 30.
[12] Dkt. No. 33.
[13] Dkt. No. 34.
[14] Dkt. No. 38.
[15] Dkt. No. 39 at 3, ¶ 5.

conduct discovery, including 63 days to depose Defendants' experts and 18 days to depose rebuttal experts before the close of discovery,[16] the subsequent 6 motions to modify the Court's scheduling order (most of which centered around the United States' 2021 border pause and inability to establish border infrastructure plans) have resulted in deadlines unfavorable to the United States. The United States admits that an extension will prejudice Defendants, but attempts to argue it away as "minor."[17]

The Court declines to retroactively redeem the United States' dilatory conduct or save it from scheduling deadlines that have resulted largely from the United States' own delays. Any harm that the United States complains will be inflicted by its inability to depose Defendants' experts is chiefly self-inflicted. As the Court already explained in denying another of the United States' motions to continue discovery deadlines, "[t]he Court has 'broad discretion to preserve the integrity and purpose of the pretrial order,' even if the result of enforcing a scheduling order is that a party cannot obtain discovery."[18] The United States' motion to modify the scheduling order is **DENIED**.[19]

IT IS SO ORDERED.

DONE at McAllen, Texas, this 16th day of August 2021.

*(signature)*

Micaela Alvarez
United States District Judge

---

[16] Dkt. No. 19.
[17] *Id*. at 4, 6.
[18] Dkt. No. 38 at 3 (quoting *Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir. 1990)).
[19] Dkt. No. 39.