Case 7:20-cv-00239   Document 42   Filed on 08/24/21 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
August 24, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | |
| | § | |
| 43.412 ACRES OF LAND, more or less, in | § | CIVIL ACTION NO. 7:20-cv-00239 |
| HIDALGO COUNTY, TEXAS; HIDALGO | § | |
| COUNTY IRRIGATION DISTRICT | § | |
| NO. 2; CITY OF PHARR, TEXAS; and | § | |
| UNKNOWN LANDOWNERS, | § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER

The Court now considers Defendant Hidalgo County Irrigation District No. 2's opposed "Motion for Protection and to Quash Notice of Deposition with Subpoena Duces Tecum."[1] The Court first **ORDERS** Defendant Hidalgo County Irrigation District No. 2 to comply with Local Rules 10.1 and 38.1 and Federal Rules of Civil Procedure 7(b)(2) and 10(b) in its motions. The Court exercises its discretion under Local Rule 7.8 to consider Defendant's motion now because it would not ordinarily ripen under Local Rule 7.3 until after the relevant deadline.

Defendant's motion requires some brief contextualization in the summary background of this case. The United States commenced this eminent domain case on August 25, 2021.[2] The Court issued its first scheduling order on November 3, 2020.[3] On May 13, 2021, the Court granted an extension to its scheduling order and modified some deadlines.[4] On August 13, 2021, two weeks

---

[1] Dkt. No. 41.
[2] Dkt. No. 1.
[3] Dkt. No. 19.
[4] Dkt. No. 33.

before the new discovery deadline, the United States filed a motion seeking to extend the discovery deadline.[5] Recognizing that the August 13th motion was the seventh successive motion filed by one party or another to continue the Court's scheduling deadlines, the Court denied any further extension and held that Plaintiff United States would not be entitled to retroactively cure, at the eleventh hour, its repeated delays which resulted in the unfavorable deadlines the United States sought to extend.[6]

Two days after the Court's opinion and nine days before the discovery deadline, the United States delivered to Defendant Hidalgo County Irrigation District No. 2 its "Notice of Deposition with Subpoena Duces Tecum of Hidalgo County Irrigation District No. 2's Retained Expert."[7] This is the United States' attempt to resolve the pickle it made. Because the United States' repeated delays resulted in the May 13th scheduling order in which the Court collapsed Defendants' deadline to designate experts and provide expert reports pursuant to Federal Rule of Civil Procedure 26(a)(2) and the discovery deadline into the same day, August 27th,[8] the United States is attempting to depose Defendant's expert or experts on the same day that Defendant must designate them. This provoked Defendant's instant motion, which asks the Court to quash Plaintiff United States' notice of deposition and subpoena duces tecum.[9]

Defendant's motion is meritorious, and the United States' attempt to depose Defendant Hidalgo County Irrigation District No. 2's expert or experts fails, for a familiar reason: the United States' unreasonable delay. The Court *must* quash (or modify) a subpoena that fails to allow a reasonable time to comply or subjects a person to undue burden.[10] The Court agrees with

---

[5] Dkt. No. 39.
[6] Dkt. No. 40.
[7] Dkt. No. 41-1.
[8] Dkt. No. 33.
[9] Dkt. No. 41.
[10] FED. R. CIV. P. 45(d)(3)(A)(i), 45(d)(3)(A)(iv).

Defendant that the United States' deposition notice and subpoena duces tecum, served nine days before the date on which the deposition is designated to occur at 9:00 a.m., and 23-part subpoena, does not afford Defendant's expert or experts, should they designate any, a reasonable time to comply.[11] Defendant's experts need not complete their expert reports until the end of the day on August 27th. The United States evidently seeks to depose them, and obtain information from them, before they have finalized their thoughts. The United States' subpoena also imposes a significant burden. It calls for Defendant's expert or experts to collect extensive amounts of information, such as all related correspondence, all literature the expert relied upon, and all appraisal reports and market analyses prepared by the expert in the past five years relating to the United States–Mexico border.[12] Considering the burden imposed and the short time in which Defendant's expert or experts are expected to comply,[13] the Court holds that the United States' deposition notice and subpoena duces tecum would subject a person to an undue burden and fails to allow a reasonable time for compliance.

Even if the United States' deposition notice and subpoena afforded a reasonable time to comply and did not impose any undue burden, it would still fail for a technical reason. Federal Rule of Civil Procedure 26(b)(4)(A) provides that an expert deposition may take place only after an expert report is provided. Because Defendant has yet to tender expert reports, and is not required to and may not do so by 9:00 a.m. when the deposition is noticed for, the deposition notice does not comply with Rule 26(b)(4)(A).

For the foregoing reasons, the Court **GRANTS** Defendant's motion to quash the United States' notice of deposition and subpoena duces tecum which seeks to depose and subpoena

---

[11] *See* Dkt. No. 41 at 2.
[12] Dkt. No. 41-1 at 7, ¶¶ 12–19.
[13] *See Wiwa v. Royal Dutch Petrol. Co.*, 392 F.3d 812, 818 (5th Cir. 2004).

"Hidalgo County Irrigation District No. 2's Designated/Retained Expert." "Plaintiff's Notice of Deposition with Subpoena Duces Tecum of Hidalgo County Irrigation District No. 2's Retained Expert" is **QUASHED** and has no legal effect. The Court further admonishes the United States to cease such gamesmanship since it is the United States that created its own dilemma.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 24th day of August 2021.

                                                              _____
                                                              Micaela Alvarez
                                                              United States District Judge