IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 7:20-cv-00239 |
| | § | |
| 43.412 ACRES OF LAND, MORE OR LESS, | § | |
| SITUATE IN HIDALGO COUNTY, STATE | § | |
| OF TEXAS, HIDALGO COUNTY | § | |
| IRRIGATION DISTRICT NUMBER 2, *et al.*, | § | |
|     *Defendants.* | § | |

**JOINT STIPULATION OF REVESTMENT AND JUST COMPENSATION AND MOTION FOR ENTRY OF PARTIAL DISMISSAL**

COME NOW Plaintiff, the United States of America ("United States") and Defendant, City of Pharr, Texas ("the City"; collectively, the "Parties") to make this Joint Stipulation of Revestment and Just Compensation and move the Court for an order of partial dismissal. The Parties hereby stipulate to the amount of just compensation owed and further stipulate to the revestment of interests taken in one tract, as described more specifically in Attachment A, filed herewith. In support of this stipulation, the Parties jointly state:

**A.**     **Background**

    1.     On August 25, 2020, the United States filed a Complaint in Condemnation and Declaration of Taking for the condemnation of a fee simple interest in 43.412 acres of land, more or less, located in Hidalgo County, Texas, identified as RGV-WSL-1002, RGV-WSL-1034-2 and RGV-WSL-2021 (collectively, the "Tracts").[1]

---

[1] Dkt. Nos. 1 & 2.

2. On August 27, 2020, the United States deposited $289,992.00 into the Registry of the Court as estimated just compensation for the taking of the Subject Property.[2] Pursuant to 40 U.S.C. § 3114(b)(1), the filing and the deposit immediately vested title to the Tracts in the United States.

3. On October 26, 2020, the Court granted the United States' Motion to Add the City as a Party Defendant as to Tract RGV-WSL-2021 (Dkt. No. 10) and added the City to this action by virtue of having an interest in the just compensation to be paid for the taking of Tract RGV-WSL-2021.  Dkt. No. 11 at 1-2.

4. Additionally, the United States named three other interested parties in this condemnation suit: (1) Hidalgo County Irrigation District No. 2; (2) Unknown Landowners; and (3) Pablo "Paul" Villarreal, Jr., Hidalgo County Tax Assessor-Collector. Dkt. No. 2-1 at 81.

5. This Joint Stipulation of Revestment and Just Compensation and Motion for Entry of Partial Dismissal between the United States and the City is not intended to deprive any of those three other parties of their right to seek just compensation under the Declaration of Taking Act or Rule 71.1 of the Federal Rules of Civil Procedure.

**B.**     **Stipulation of Revestment**

6. Pursuant to 40 U.S.C. § 3117, in a condemnation proceeding the United States may agree or stipulate to the revestment of any interest in the condemned property. 40 U.S.C. § 3117.

7. Accordingly, the United States and the City jointly stipulate and agree that the United States will **REVEST** to the City the property and interests described in Attachment A, filed herewith.

---

[2] Dkt. No. 5.

8.	The City hereby agrees to accept such **REVESTMENT** as described in Attachment A.

C.	**Stipulation of Just Compensation and Motion for Entry of Partial Dismissal**

9.	The United States and the City further stipulate and agree that just compensation payable by the United States for the taking of the property rights described in the Declaration of Taking, Dkt. No. 2, formerly belonging to the City, shall be the sum of One Hundred Twenty Four Dollars and Seventy Five Cents ($124.75), inclusive of interest, attorney's fees, and costs.

10.	The sum of One Hundred Twenty Four Dollars and Seventy Five Cents ($124.75) together with the **REVESTMENT** described in Attachment A shall be in full satisfaction of any and all claims of whatsoever nature against the United States by the City by reason of the institution and litigation of this action and taking of the interests previously belonging to the City.

11.	Upon the Court's Order of Partial Dismissal, the City may seek immediate distribution of One Hundred Twenty Four Dollars and Seventy Five Cents ($124.75). The City's total withdrawals of funds from the Court's registry during the course of this litigation are not to exceed One Hundred Twenty Four Dollars and Seventy Five Cents ($124.75), exclusive of any interest earned on the initial deposit while it was within the Court's registry.

12.	The City warrants that on the date of taking it was the sole owner of the subject property, exclusive of those property interests belonging to parties other than the City named in Schedule G of the Declaration of Taking (Dkt. No. 2-1 at 81), and that it has the exclusive right to the compensation herein, excepting those entities having liens or encumbrances of record and unpaid taxes and assessments, if any, and that, to knowledge, no other party is entitled to the same or any part thereof by reason of any unrecorded agreement.

13. In the event that any other party other than those listed in Schedule G of the Declaration of Taking (Dkt. No. 2-1 at 81) is ultimately determined by a court of competent jurisdiction to have any right to receive compensation for the property taken in this case, the City shall, upon an appropriate order from the Court, refund into the Registry of the Court the compensation distributed herein, or such part thereof as the Court may direct, with interest thereon at the rate of 52-week Treasury Bills, calculated in accordance with the provisions of 40 U.S.C. § 3116, from the date of receipt of the deposit by the City to the date of repayment into the registry of the Court.

14. This joint stipulation and motion is binding on the heirs, trustees, executors, administrators, devisees, successors, assigns, agents, and representatives of the City.

15. The City shall save and hold harmless the United States of America from all claims or liability resulting from any unrecorded leases or agreements affecting the Property on the date of taking.

16. The parties shall be responsible for their own legal fees, costs, and expenses (including attorneys' fees, consultants' fees, experts' fees, transcript costs, and any other fees, costs, or expenses relating to this litigation).

17. The United States and the City consent to the entry of all orders and judgment necessary to effectuate this stipulation and agreement.

18. By stipulation, the signatory parties hereto will take no appeal from the entry of partial dismissal in accord with this stipulation and agreement.

19. The Parties respectfully request the Court enter an Order of Partial Dismissal reflecting this Stipulation and dismissing with prejudice the City of Pharr, Texas.

Respectfully submitted,

**JENNIFER B. LOWERY**
Acting United States Attorney
Southern District of Texas

*s/ Baltazar Salazar*
**Baltazar Salazar**
Assistant United States Attorney
Attorney-in-Charge for Plaintiff
S.D. Tex. ID. No. 3135288
Texas Bar No. 24106385
**UNITED STATES ATTORNEY'S OFFICE**
**SOUTHERN DISTRICT OF TEXAS**
600 E. Harrison, Suite 201
Brownsville, Texas 78520
Telephone: (956) 983-5067
Facsimile: (956) 548-2775
Email: Baltazar.Salazar@usdoj.gov

And By:        The City of Pharr, Texas

/s/ *Patricia A. Rigney*
*(signed with permission)*
Patricia A. Rigney
City Attorney
Texas Bar No. 24048765
Southern District Id. No. 875533
Patricia.Rigney@pharr-tx.gov
118 S. Cage Blvd.
Pharr, TX 78577
956-402-4000
956-702-5313 fax
**City Attorney for**
**Defendant City of Pharr, Texas**