UNITED  STATES  DISTRICT  COURT
SOUTHERN  DISTRICT  OF  TEXAS
MCALLEN  DIVISION

| | | |
|---|---|---|
| UNITED  STATES  OF  AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | |
| | § | |
| 43.412 ACRES  OF  LAND,  more or less, in | § | CIVIL  ACTION  NO.  7:20-cv-00239 |
| HIDALGO  COUNTY,  TEXAS;  HIDALGO | § | |
| COUNTY  IRRIGATION  DISTRICT | § | |
| NO. 2; CITY  OF  PHARR,  TEXAS;  and | § | |
| UNKNOWN  LANDOWNERS, | § | |
| | § | |
| Defendants. | § | |

## <u>ORDER</u>

The  Court  now  considers  Plaintiff  United  States'  and  Defendant  City  of  Pharr's  "Joint

Stipulation  of  Revestment  and  Just  Compensation  and  Motion  for  Entry  of  Partial  Dismissal."[1]

Plaintiff  United  States  commenced  this  eminent  domain  case  under  Public  Law  107-217[2]

on  August  25, 2020,  to  take  fee  simple  absolute  title,  with  certain  exceptions,  to  three  parcels  of

land  designated  Tracts  RGV-WSL-1002, RGV-WSL-1034-2,  and  RGV-WSL-2021,[3]  all  of  which

are  more  particularly  described  by  metes  and  bounds  and  depicted  on  a  map  in  the  United  States'

Schedules  C  and  D.[4]  On  August  27, 2020,  the  United  States  deposited  $289,992  as  estimated  just

compensation  pursuant  to  Federal  Rule  of  Civil  Procedure  71.1(j)(1)  and  40 U.S.C.  § 3114(b).[5]

---

[1] Dkt. No. 46.
[2] Act of Aug. 21, 2002, ch. 31, Pub. L. No. 107-217,  116 Stat. 1062 (codified at 40 U.S.C.  §§ 3111–18);  *see* Act of
Feb. 26, 1931,  ch. 307, Pub. L. No. 71-736,  46 Stat. 1421 (codifying 40 U.S.C.  § 258a, now 40 U.S.C.  § 3114);
*United States v. Dow*, 357  U.S. 17, 22 (1958)  (calling these provisions the "Declaration of Taking Act").
[3] Dkt. No. 1.
[4] Dkt. No. 1-1 at 5–71.
[5] Dkt. No. 5; *see* Dkt. No. 1-1 at 79 (estimating  $289,992  to be the total just compensation for all three takings).

The United States originally named Hidalgo County Irrigation District No. 2, the Hidalgo County Tax Assessor-Collector, and "Unknown Landowners" as interested party Defendants.[6] On October 26, 2020, the Court acknowledged that the Hidalgo County Tax Assessor-Collector disclaimed any interest in this case or just compensation to be paid for the relevant takings and dismissed him from the case.[7] In the same order, the Court granted the United States' motion to add the City of Pharr, Texas, as a Defendant because Pharr evidently owned and operated a bridge "within" the land subject to the taking and therefore had an interest in this proceeding.[8] With respect to Defendant "Unknown Landowners," the parties have only cryptically explained that "if other entities or persons were identified as having an interest" in certain tracts to be condemned, then the United States would seek to add them to this suit "based on [their] having a possible interest in these tracts."[9]

In the instant joint motion, only Plaintiff United States and Defendant City of Pharr, having consulted with no other party in violation of Local Rule 7.1.D, seek to revest in Defendant Pharr certain rights to the property. Specifically, the United States and Pharr seek to revest in Pharr the "rights, privileges and duties, to the extent such rights, privileges and duties were acquired by the United States in th[is] condemnation case . . . necessary to operate, maintain, modify and expand the existing Bridge and appurtenances" subject to the United States' superior rights to construct, maintain, and operate the international border barrier.[10] The parties did not comply with Local Rule 7.1.D and failed to consult Defendant Hidalgo County Irrigation District No. 2 on its position

---

[6] Dkt. No. 1-1 at 81.
[7] Dkt. No. 11.
[8] *Id.* at 2.
[9] Dkt. No. 16 at 9, ¶ 15.
[10] Dkt. No. 46-1.

with respect to the instant motion. Nevertheless, the instant motion does not appear to have any impact on Defendant Hidalgo County Irrigation District No. 2's interests in this case.

Plaintiff United States and Defendant City of Pharr jointly stipulate and agree that just compensation for the United States' temporary taking is $124.75.[11] The Fifth Amendment to the United States Constitution requires that just compensation be paid for temporary takings or interferences with private property.[12] Because the participating parties' stipulation provides for just compensation and provides agreed terms to conclude their specific dispute and dismiss Defendant City of Pharr, the Court finds good cause in their settlement and stipulation and **GRANTS** the joint motion for entry of partial dismissal.[13]

Accordingly, with respect to only Tract RGV-WSL-2021, as particularly described in the United States' Schedules C and D,[14] within or upon which the "Port of Entry Bridge known as Pharr International Bridge" operates,[15] all rights, privileges, and duties necessary to operate, maintain, modify, and expand said existing bridge and its appurtenances, to the extent such rights, privileges, and duties were acquired by the United States in this condemnation case, are hereby **RE-VESTED** in the owners of the said Pharr International Bridge, subject to non-interference with the United States' construction, operation, and maintenance of the roads, fencing, vehicle barriers, security lighting, cameras, sensors, and related structures designed to help secure the United States/Mexico border within the State of Texas.[16]

---

[11] Dkt. No. 46 at 3, ¶ 9.

[12] *See* FED. R. CIV. P. 71.1(i)(1)(C)  ("At any time before compensation has been determined and paid, the court may, after a motion and hearing, dismiss the action as to a piece of property. But if the plaintiff has already taken title, a lesser interest, or possession as to any part of it, the court must award compensation for the title, lesser interest, or possession taken."); *Ark. Game & Fish Comm'n v. United States*, 568 U.S. 23, 33 (2012) (holding that temporary takings are compensable).

[13] Dkt. No. 46.

[14] Dkt. No. 1-1 at 5–71.

[15] Dkt. No. 46-1 at 1 (comma omitted); *see* Dkt. No. 10.

[16] Accordingly, the owner or owners of the Pharr International Bridge may not exercise their rights, privileges, and duties over the existing bridge and appurtenances in any manner that would interfere with the United States'

The total sum of one hundred twenty-four dollars and seventy-five cents ($124.75), together with any interest earned upon that amount while on deposit in the registry of the Court,[17] constitutes just compensation under the Fifth Amendment to the United States Constitution for the temporary taking of the above-described property interests over Tract RGV-WSL-2021 and the Pharr International Bridge. Said sum fully satisfies any claims of whatever nature by Defendant City of Pharr against the United States for this action and taking. Judgment is entered against Plaintiff United States of America for the amount of just compensation. The Court **ORDERS** the Clerk of the Court to immediately disburse the $124.75 and all interest associated specifically with that amount in the Court's registry to:

Patricia Rigney
118 S Cage Blvd, Floor 4
Pharr TX 78577-4810

In the event that any other party, except for Hidalgo County Irrigation District No. 2 or the Hidalgo County Tax Assessor-Collector, is ultimately determined by a court of competent jurisdiction to have any right to receive compensation for the above-described property interests over Tract RGV-WSL-2021 and the Pharr International Bridge, Defendant City of Pharr shall refund into the registry of the Court its compensation distributed by this order, or such part thereof as the Court may direct, together with interest thereon at the annual rate provided in 40 U.S.C. § 3116 from the date of receipt of compensation to the date of repayment into the registry of the Court.

This order is binding on the heirs, trustees, executors, administrators, devisees, successors, assigns, agents, and representatives of Defendant City of Pharr, Texas. This order resolves all of

---

construction, operation, and maintenance of the roads, fencing, vehicle barriers, security lighting, cameras, sensors, and related structures designed to help secure the United States/Mexico border within the State of Texas.
[17] *See* 40 U.S.C. § 3116. *But see* 40 U.S.C. § 3114(c)(1).

Defendant City of Pharr's interests and issues in this case, thus, Defendant City of Pharr is hereby **DISMISSED** from this case.

   IT IS SO ORDERED.

   DONE at McAllen, Texas, this 28th day of September 2021.

                      Micaela Alvarez
                 United States District Judge

