IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br>*Plaintiff,*<br><br>v.<br><br>43.412 ACRES OF LAND, more or less, in<br>HIDALGO COUNTY, TEXAS; HIDALGO<br>COUNTY IRRIGATION DISTRICT NO. 2; *et al.,*<br>*Defendants.* | § § § § § § § § § | CASE NO.   7:20-cv-239 |

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br>*Plaintiff,*<br><br>v.<br><br>4.318 ACRES OF LAND, more or less, in<br>HIDALGO COUNTY, TEXAS; JOSE ARNOLDO<br>AGUILAR; HIDALGO COUNTY IRRIGATION<br>DISTRICT NO. 2; *et al.,*<br>*Defendants.* | § § § § § § § § § § § | CASE NO.   7:20-cv-388 |

## **NOTICE OF SETTLEMENT**

1.  Pursuant to Local Rule 16.3, Defendant Hidalgo County Irrigation District No. 2 ("HCID2") and Plaintiff United States of America ("United States") (collectively, "the Parties") file this joint notice of the Parties' settlement agreement. This notice confirms that the Parties have formally approved the mediated settlement agreement that was the subject of the Notice of Settlement in Principle, filed by HCID2 and the United States on December 17, 2021.[1]

---

[1]   Dkt. 70 (Civil Case No. 7:20-cv-239); Dkt. 32 (Civil Case No. 7:20-cv-388).

2. The above referenced actions ("Condemnation Actions") involve three tracts (Tracts RGV-WSL-1002, RGV-WSL-1034-2, and RGV-WSL-2021) in Civil Case No. 7:20-cv-239, and one tract (Tract RGV-WSL-1014) in Civil Case No. 7:20-cv-388.[2]

A. **Stipulations of Partial Revestment**

3. On December 9, 2021, the Parties filed their Joint Stipulations of Partial Revestment in the Condemnation Actions.[3] On December 14, 2021, the Court entered an order affirming the Parties' revestment agreement in Civil Case No. 7:20-cv-388.[4] On December 28, 2021, the Court entered an order affirming the Parties' revestment agreement in Civil Case No. 7:20-cv-239.[5]

4. The above-referenced partial revestments resolve the specific cost-to-cure issue for which HCID2 sought $23,225,868 in Civil Case No. 7:20-cv-239 in its Brief on Just Compensation[6] and its Motion for Summary Judgment.[7] Accordingly, HCID2 agrees to withdraw its request for $23,225,868 in costs-to-cure in Civil No. 7:20-cv-239.

B. **Mediated Settlement Agreement**

5. On December 15, 2021, the Parties attended a mediated settlement conference in Austin to discuss resolution of the outstanding issues in the Condemnation Actions. At the mediation, the Parties reached a global monetary settlement for just compensation for the interests that the United States is retaining in the Condemnation Actions. In the Notice of Settlement in Principle, filed December 17, 2021, the Parties advised that the agreement awaited final approval by HCID2's board of directors and U.S. Customs and Border Protection and the

---

[2] *See*   Dkt. 1-1 at 5–81 & Dkt. 2-1 at 5–81 (Civil Case No. 7:20-cv-239); Dkt. 1-1 at 6–18 & Dkt. 2-1 at 6–18 (Civil Case No. 7:20-cv-388).
[3]   Dkt. 66 (Civil Case No. 7:20-cv-239); Dkt. 30 (Civil Case No. 7:20-cv-388).
[4]   Dkt. 31 (Civil Case No. 7:20-cv-388).
[5]   Dkt. 71 (Civil Case No. 7:20-cv-239).
[6]   Dkt. 49 (Civil Case No. 7:20-cv-239).
[7]   Dkt. 17 (Civil Case No. 7:20-cv-239).

U.S. Department of Justice Land Acquisition Section.[8] The instant Notice of Settlement confirms that the mediated settlement agreement has received final approval by the Parties.[9]

6.  The mediated settlement agreement provides, among other things, that the Parties have agreed that each side shall bear their own costs and fees related to litigation of this action, and that HCID2 will not initiate any litigation for attorney fees and/or costs in the above-referenced Condemnations Actions under any statute, rule, or legal doctrine.

**C.  Status of the Issues**

7.  The partial revestments referenced above—together with the mediated settlement agreement (now approved)—**obviate** the need for adjudication of: (1) the Parties' pending just compensation briefs;[10] (2) the United States' pending motion to determine title as to Tracts RGV-WSL-1034-2 and 2021;[11] (3) the Parties' pending motions to exclude expert reports;[12] and (4) HCID2's pending motion for summary judgment[13] in Civil Case No. 7:20-cv-239.

8.  Pursuant to the mediated settlement agreement, no later than January 7, 2022 the Parties will file a motion to consolidate the Condemnation Actions and a motion for abatement of all remaining scheduling order deadlines. The parties will, respectfully, request abatement for four reasons: (i) to provide the Parties sufficient time to draft and file disbursal-related documents; (ii) to provide the United States sufficient time to obtain a survey of the land encumbered by the interests that the United States is retaining in the Condemnation Actions; (iii) to advise the Court about a newly discovered issue that HCID2 believes relates to the United

---

[8]   Dkt. 70 (Civil Case No. 7:20-cv-239); Dkt. 32 (Civil Case No. 7:20-cv-388).
[9]   In addition to the terms provided in the mediated settlement agreement, the United States has agreed to provide a survey to HCID2 of the area encumbered by the interests that the United States is retaining in the Condemnation Actions.
[10]  Dkt. 49 & Dkt. 50 (Civil Case No. 7:20-cv-239).
[11]  Dkt. 57 (Civil Case No. 7:20-cv-239). The United States will shortly be filing a motion to withdraw its motion to determine title as to Tracts RGV-1034-2 and 2021.
[12]  Dkt. 58 & Dkt. 59 (Civil Case No. 7:20-cv-239).
[13]  Dkt. 56 (Civil Case No. 7:20-cv-239).

States' construction activities in and around the subject properties; and (iv) to advise the Court about the Parties' joint proposal for assessing and resolving that issue.

Respectfully submitted,

| FOR DEFENDANT: | FOR PLAINTIFF: |
|---|---|
| **MARRS ELLIS & HODGE LLP** | **JENNIFER B. LOWERY** <br> Acting United States Attorney <br> Southern District of Texas |
| /s/ Zev Kusin <br> Luke Ellis ("Attorney-in-Charge") <br> Texas Bar No. 24038878 <br> Southern District Id. No. 612594 <br> lellis@mehlaw.com | By: s/Baltazar Salazar <br> Baltazar Salazar <br> Assistant United States Attorney <br> Attorney-in-Charge for Plaintiff <br> S.D. Tex. ID No. 3135288 |
| Zev Kusin <br> Texas Bar No. 24070096 <br> Southern District Id. No. 1636769 <br> zkusin@mehlaw.com <br> 805 West 10th Street, Suite 400 <br> Austin, Texas 78701 <br> 512-215-4078 <br> 512-628-7169 fax | Texas Bar No. 24106385 <br> Tel: (956) 983-6057 <br> Fax: (956) 548-2775 <br> E-mail: Baltazar.Salazar@usdoj.gov |
| | By: s/ Christopher D. Pineda <br> Christopher D. Pineda <br> Assistant United States Attorney <br> S.D. Tex. No. 1055715 <br> Texas Bar No. 24070420 <br> (956) 548-2554/Fax: (956) 548-2775 <br> Email: Christopher.Pineda@usdoj.gov |
| **Attorneys for Defendant Hidalgo County Irrigation District No. 2** | **UNITED STATES ATTORNEY'S OFFICE** <br> **SOUTHERN DISTRICT OF TEXAS** <br> 600 E. Harrison Street, Suite 201 <br> Brownsville, Texas 78520 |

## **CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing was sent to all counsel of record via the court enabled electronic filing system on December 31, 2021.

*s/ Christopher D. Pineda*
CHRISTOPHER D. PINEDA
Assistant United States Attorney