United States District Court
Southern District of Texas

**ENTERED**

January 13, 2022

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | |
| | § | CIVIL ACTION NO. 7:20-cv-00239 |
| | § | |
| 43.412 ACRES OF LAND, more or less, in | § | Lead Case |
| HIDALGO COUNTY, TEXAS; HIDALGO | § | |
| COUNTY IRRIGATION DISTRICT | § | |
| NO. 2; and UNKNOWN LANDOWNERS, | § | |
| | § | |
| Defendants. | § | |

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | |
| | § | |
| 4.318 ACRES OF LAND, more or less, in | § | CIVIL ACTION NO. 7:20-cv-00388 |
| HIDALGO COUNTY, TEXAS; JOSE | § | |
| ARNOLDO AGUILAR; HIDALGO | § | Member Case |
| COUNTY IRRIGATION DISTRICT NO. | § | |
| 2; and PABLO "PAUL" VILLARREAL, | § | |
| JR., Hidalgo County Tax Assessor- | § | |
| Collector, | § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER

The Court now considers "Defendant Hidalgo County Irrigation District No. 2's Motion for Summary Judgment on Just Compensation;"[1] "Defendant Hidalgo County Irrigation District No. 2's Motion to Exclude the Testimony of Plaintiff's Designated Expert Appraiser, James O.

---

[1] Dkt. No. 56. Citations are to the lead case 7:20-cv-239 unless otherwise noted.

Turner, II;"[2] Plaintiff "United States' Rule 71.1(h) Motion and Memorandum to Exclude the Expert Testimony of David R. Bolton;"[3] Plaintiff "United States of America's Opposed Motion for Leave of Court to File Surreply;"[4] Plaintiff "United States' Motion to Determine Title as to Tracts RGV-WSL-1034-2 and RGV-WSL-2021 and Amicus Brief Regarding Ownership,"[5] Defendant's response,[6] and Plaintiff's reply;[7] the "United States' Unopposed Motion to Withdraw its Pending 'Motion to Determine Title as to Tracts RGV-WSL-1034-2 and RGV-WSL-2021 and Amicus Brief Regarding Ownership' (Dkt. 57);"[8] the parties' "Joint Motion to Dismiss Unknown Landowners;"[9] the parties' "Joint Motion to Consolidate Purusant [sic] to Rule 71.1(b), Fed. R. Civ. P.;"[10] the parties' "Joint Motion to Abate Scheduling Order Deadlines;"[11] and the similar "Joint Motion to Abate Scheduling Order Deadlines" filed in member case number 7:20-cv-388.[12]

After causing a glut of filings on the Court's docket, the parties reached a mediated settlement on December 15, 2021, and now essentially request that the Court enter an order simplifying and consolidating these cases and providing a schedule to enable the parties to finalize their settlement and dismiss this case. The Court will consider the issues.

## I.  BACKGROUND

These are eminent domain cases. In case number 7:20-cv-239, on August 25, 2020, Plaintiff United States commenced the case by filing its complaint, declaration, and notice of

---

[2] Dkt. No. 58.
[3] Dkt. No. 59.
[4] Dkt. No. 62.
[5] Dkt. No. 57.
[6] Dkt. No. 64.
[7] Dkt. No. 69.
[8] Dkt. No. 73.
[9] Dkt. No. 74.
[10] Dkt. No. 75.
[11] Dkt. No. 76.
[12] *United States v. 4.318 Acres of Land, more or less, in Hidalgo Cnty.*, No. 7:20-cv-388 (S.D. Tex. Jan. 7, 2022), Dkt. No. 34 (Alvarez, J.).

condemnation[13] to take fee simple title with certain exclusions to three designated Tracts, namely RGV WSL-1002, RGV-WSL-1034-2, and RGV-WSL-2021, which are 11.115-acre, 19.290-acre, and 13.007-acre parcels of land respectively, all located in Hidalgo County, Texas. During the course of proceedings, the Court added[14] then later dismissed the City of Pharr,[15] and dismissed Pablo "Paul" Villarreal, Jr., the Hidalgo County Tax Assessor-Collector.[16] Still remaining in the case are Defendants Hidalgo County Irrigation District No. 2 with respect to all three tracts and Defendant "Unknown Owners" with respect to Tracts RGV-WSL-1034-2 and RGV-WSL-2021.[17]

In case number 7:20-cv-388, on November 30, 2020, Plaintiff United States commenced the case by filing its complaint, declaration, and notice of condemnation[18] to take fee simple title with certain exclusions to designated Tract RGV-WSL-1014, which is a 4.318-acre parcel of land located in Hidalgo County, Texas. After considering the briefing, the Court ascertained that:

> Defendant Hidalgo County Irrigation District No. 2 owns the 8.80-acre Lateral A in fee simple and the 1.06-acre carveout in fee simple. The Court also finds that Defendant Jose Arnoldo Aguilar is the record owner of the relevant larger parcel from which the 4.318 acres is taken. Therefore, the Court finds that the United States' 4.318-acre taking takes 2.795 acres from Defendant Hidalgo County Irrigation District No. 2 and 1.523 acres from Defendant Jose Arnoldo Aguilar.[19]

Presently, Plaintiff United States seeks to withdraw the issue of determining title,[20] and the parties seek to dismiss Defendant Unknown Landowners from case number 7:20-cv-239,[21] then consolidate the two cases,[22] then abate the scheduling deadlines to give the parties time to finalize

---

[13] Dkt. Nos. 1–3.
[14] Dkt. No. 11.
[15] Dkt. No. 47.
[16] Dkt. No. 11.
[17] *See* Dkt. No. 13-1.
[18] *United States v. 4.318 Acres of Land, more or less, in Hidalgo Cnty.*, No. 7:20-cv-388 (S.D. Tex. Nov. 30, 2020), Dkt. Nos. 1–3 (Alvarez, J.).
[19] *Id.*, Dkt. No. 24 at 7.
[20] Dkt. No. 73.
[21] Dkt. No. 74.
[22] Dkt. No. 75.

their settlement.[23] The parties represent that their settlement obviates the issues of (and briefs and motions regarding): (1) adjudicating just compensation, (2) adjudicating title in lead case number 7:20-cv-239, (3) excluding expert witnesses, and (4) adjudicating whether to grant summary judgment.[24] The Court will consider each issue in turn, beginning with the title issue in case number 7:20-cv-239.

## II.  TITLE DETERMINATION

Although Plaintiff United States filed its motion to determine title on November 12, 2021,[25] and that motion has since been fully briefed,[26] the United States now moves to withdraw its motion to determine title to the condemned property.[27] The United States seeks to withdraw the issue of title for three reasons.[28] First, Plaintiff *claims* that Defendant Hidalgo County Irrigation District No. 2 has changed its early stance of not claiming ownership of certain parts of Tracts RGV-WSL-1034-2 and RGV-WSL-2021 to its present stance of claiming full ownership.[29] Puzzlingly, Plaintiff's December 10, 2021 reply brief contradicts the position Plaintiff is now taking based on the same evidence.[30]

The available evidence establishes the following ownership. On the last day of 1920—but recorded in mid-1921—the "LOUISANS-RIO [sic] GRANDE CANAL COMPANY" conveyed to "HIDALGO COUNTY WATER IMPROVEMENT DISTRICT Ng. Two [sic]," among other things, a "Lateral A" property described in the conveyance by metes and bounds.[31] The grantee

---

[23] Dkt. No. 76.
[24] Dkt. No. 72 at 3, ¶ 7.
[25] Dkt. No. 57.
[26] Dkt. Nos. 64, 69.
[27] Dkt. No. 73.
[28] Dkt. No. 73 at 3, ¶ 9.
[29] *Id.* ¶ 10.
[30] *See* Dkt. No. 69 at 2, ¶ 3.
[31] Dkt. No. 57-1.

was the predecessor-in-interest to Defendant Hidalgo County Irrigation District No. 2.[32] In 1937, a land survey indicated that Hidalgo County Water Improvement District No. 2 owned the rectangular strip designated Lateral A.[33] Plaintiff United States' 2020 survey indicates that Tract RGV-WSL-1034-2 is a rectangular strip that almost perfectly overlaps Lateral A, but the northern boundary line of the United States' tract is south of the northern boundary line of Lateral A and the southern boundary line of the United States' tract is just south of the southern boundary of Lateral A.[34] In other words, Tract RGV-WSL-1034-2 takes a thin strip of land just south of and adjacent to Defendant's Lateral A property. Tract RGV-WSL-2021 is similar.[35] Tract RGV-WSL-1002 appears to be completely within Lateral A.[36] Consistent with Plaintiff's Federal Rule of Civil Procedure 71.1(c)(3) duty to identify and add all potential Defendants, Plaintiff could only identify "Unknown Landowners" as the owners of the relevant outside-Lateral-A property and served them via publication.[37] However, no other Defendant has come forward to claim an interest in the property taken.

Contrary to Plaintiff's suggestion, Defendant Hidalgo County Irrigation District No. 2 does not claim to own any relevant property that is outside of Lateral A.[38] Defendant concedes that there

---

[32] See About the District, HIDALGO COUNTY IRRIGATION DISTRICT NO. 2, http://www.hcid2.org/about.htm (in April 1980, "Hidalgo County Water Improvement District No. 2 was converted . . . to Hidalgo County Irrigation District No. 2").

[33] See Dkt. No. 57-2 at 10.

[34] See Dkt. No. 1-1 at 41.

[35] See id. at 58.

[36] See id. at 26.

[37] Dkt. No. 57 at 9, ¶ 20.

[38] Dkt. No. 64-3 at 17, 63:4–64:5 ("Q (Mr. Salazar) Well, based -- Mr. Hinojosa, based on property records owned by the district, it does not own property south of the property line; correct? A On that sheet, I'd have to rely on the statement that we made. Q Is that a yes or a no? A Based on the records we have on hand, that's what it reflects, that we do not own south of that property line. Q And have you reviewed those records since providing this statement? A No, we have not. Q Okay. So as of today, it's still the district's position that it doesn't own property south of this property line? A Correct. Q Okay. Which is the same property line shown in sheet 11 of 27 that was used in the declaration of taking; correct? A Correct. Q So then let's move to sheet 12 of 27 which is shown in Exhibit 16 of the deposition. The district provided the same statement that District 2 records do not support ownership south of the property line; is that right? A Yes."); id. at 23, 86:9–19 ("Q Okay. All right. And so based on this statement here in sheet 7 of 21, it indicates that HCID2 records do not support ownership south of the property line. So the property line here is described as the property line of Sixth Lateral A 7th Tract. Is that your understanding of that? A Yes, sir.

is no genuine dispute regarding the ownership of Lateral A versus outside-Lateral-A property.[39] Defendant Hidalgo County Irrigation District No. 2 is only entitled to just compensation to the extent Tracts RGV-WSL-1034-2 and RGV-WSL-2021 actually take from Defendant's Lateral A.

In the absence of any genuine dispute regarding ownership, the Court **GRANTS** Plaintiff United States' motion to withdraw its motion to determine title.[40] The Court now turns to the parties' joint motion to dismiss named Defendant "Unknown Landowners" from lead case number 7:20-cv-239.

### III. DISMISS DEFENDANT "UNKNOWN LANDOWNERS"

The parties seek to dismiss Defendant Unknown Landowners allegedly because no other person or entity has an ownership interest in the land encompassed by Tracts RGV-WSL-1034-2 and RGV-WSL-2021.[41] However, Defendant Irrigation District does not actually own or claim to own land outside of Lateral A, but the two tracts take land that is outside of the boundaries of Defendant's Lateral A. Accordingly, the joint motion's rationale that Defendant Irrigation District claims all of the land area encompassed by Tracts RGV-WSL-1034-2 and RGV-WSL-2021, and that no party other than Defendant Irrigation District has been identified or has stepped forward to claim an interest in the outside-Lateral-A property, does not justify dismissing Defendant Unknown Landowners. Defendant Irrigation District is not somehow entitled to just compensation for the taking of land it does not own, as opposed to the actual landowners of the relevant outside-Lateral-A property. The Court **DENIES** the parties' motion to dismiss Defendant Unknown Landowners.[42]

---

Q Okay. So any property south of that property line within sheet 17, the district does not claim owning? A Correct.").

[39] Dkt. No. 64 at 3, ¶¶ 6–7.
[40] Dkt. No. 73.
[41] Dkt. No. 74 at 3, ¶ 9 (citing Dkt. No. 64 at 2, ¶ 4).
[42] Dkt. No. 74.

The Court next turns to whether civil action numbers 7:20-cv-239 and 7:20-cv-388 should be consolidated.

## IV. CONSOLIDATION

The parties represent that the lead case and member case "involve four adjacent tracts of land, acquired for the same purpose, and owned by the same landowner" Defendant Hidalgo County Irrigation District No. 2, so the Court should consolidate the cases because of their commonalities and in service of conserving judicial and litigant resources.[43]

The parties cite Federal Rule of Civil Procedure 71.1(b),[44] which provides that "[t]he plaintiff may join separate pieces of property in a single action, no matter whether they are owned by the same persons or sought for the same use."[45] However, Plaintiff United States did not join Tract RGV-WSL-1014 (in case number 7:20-cv-388) with Tracts RGV WSL-1002, RGV-WSL-1034-2, and RGV-WSL-2021 (in case number 7:20-cv-239). The parties now seek to *consolidate* the two cases and four tracts into one case, which is governed by Federal Rule of Civil Procedure 42(a).

Under Federal Rule of Civil Procedure 42(a), "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." The party seeking consolidation ordinarily bears the burden of showing that the cases should be consolidated,[46] but "'[a] trial court has broad discretion in determining whether to

---

[43] Dkt. No. 75 at 1.
[44] *Id.* at 2, ¶ 3.
[45] FED. R. CIV. P. 71.1(b).
[46] *Dynaenergetics Eur. GmbH v. Hunting Titan, Inc.*, No. 4:17-cv-3784, 2021 WL 3022435, at *5 (S.D. Tex. July 15, 2021) (Lake, J.) (citing *Frazier v. Garrison I.S.D.*, 980 F.2d 1514, 1531 (5th Cir. 1993)).

consolidate a case pending before it.' . . . Consolidation permits district courts 'to expedite the trial and eliminate unnecessary repetition and confusion.'"[47]

> Factors for the district court to consider in deciding if consolidation is appropriate include (1) whether the actions are pending before the same court, (2) whether common parties are involved in the cases, (3) whether there are common questions of law and/or fact, (4) whether there is risk of prejudice or confusion if the cases are consolidated, and if so, is the risk outweighed by the risk of inconsistent adjudications of factual and legal issues if the cases are tried separately, and (5) whether consolidation will conserve judicial resources and reduce the time and cost of trying the cases separately.[48]

However, in eminent domain cases like this one, courts have held that "the general practice is to try issues as to various tracts in one proceeding, and a landowner who claims a right to separate trials has a heavy burden of establishing the basis for such separate trials" because the evidence with respect to related tracts of land should be presented to a single factfinder.[49]

Here, the parties represent that the lead case and member case involve takings for the same public purpose, involving four adjacent tracts of land, owned by the same landowner Defendant Hidalgo County Irrigation District No. 2, and that Plaintiff and Defendant "negotiated and reached a global monetary settlement for just compensation for both cases" that will be facilitated by consolidating the cases for considering remaining issues together.[50] "To require separate condemnation proceedings for each piece of property separately owned would be unduly burdensome and would serve no useful purpose."[51] Because both actions are pending before the

---

[47] *Tex. Dep't of Transp. v. Canal Barge Co.*, No. 4:20-cv-00868, 2020 WL 4335787, at *2 (S.D. Tex. July 28, 2020) (Edison, J.) (alteration in original) (first quoting *Alley v. Chrysler Credit Corp.*, 767 F.2d 138, 140 (5th Cir. 1985); and then quoting *Dupont v. S. Pac. Co.*, 366 F.2d 193, 195 (5th Cir. 1966)).

[48] *In re Enron Corp. Sec., Derivative & "ERISA" Litig.*, No. 4:01-cv-3624, 2007 WL 446051, at *1 (S.D. Tex. Feb. 7, 2007) (Harmon, J.) (citing *Frazier*, 980 F.2d at 1531–32).

[49] *United States v. 0.2853 Acres of Land, more or less, located in Dallas Cnty.*, No. 3:16-CV-2814-S-BN, 2019 WL 5000161, at *3, 2019 U.S. Dist. LEXIS 174508, at *8 (N.D. Tex. Sept. 16, 2019) (first citing *Phelps Dodge Corp. v. Atchison, T. & S.F. Ry. Co.*, 400 F.2d 20 (10th Cir. 1986); and then citing *United States v. 499.472 Acres more or less in Brazoria Cnty.*, 701 F.2d 545, 549–51 (5th Cir. 1983)).

[50] Dkt. No. 75 at 3, ¶¶ 5–6.

[51] FED. R. CIV. P. 71.1(b) advisory committee's 1951 "Note to Subdivision (b)."

same court, involve common parties, involve common issues of law and fact, and because consolidation is more likely to reduce confusion and conserve resources, the Court agrees that the lead and member cases should be consolidated. The Court **GRANTS** the parties' joint motion to consolidate.[52] Member case 7:20-cv-388 is now closed and all future filings shall be in consolidated lead case 7:20-cv-239.

The Court now turns to the final issue regarding future proceedings in this consolidated case.

## V.  ABATEMENT

The Court first considers the parties' "Joint Motion to Abate Scheduling Order Deadlines" filed independently in member case 7:20-cv-388 minutes after the parties moved to consolidate the member case with the lead case.[53] The motion is identical to the joint motion to abate filed in the lead case.[54] Accordingly, the Court **DENIES AS MOOT** the motion to abate filed in the member case.

On the last day of 2021, the parties' respective decision-makers gave final approval to a "global monetary settlement for just compensation for the interests that the United States is retaining" in all four tracts involved in this consolidated case.[55] The parties represent that their settlement obviates the need to adjudicate just compensation, evidentiary disputes, or summary judgment.[56] Instead of adjudicating those issues, or hewing to the Court's previous scheduling order, the parties propose that the Court dispose of its scheduling order and instead enter a specialized scheduling order. Specifically, the parties propose a six-month extension and

---

[52] Dkt. No. 75.
[53] *United States v. 4.318 Acres of Land, more or less, in Hidalgo Cnty.*, No. 7:20-cv-388 (S.D. Tex. Jan. 7, 2022), Dkt. No. 34 (Alvarez, J.).
[54] *Compare id.*, with Dkt. No. 76.
[55] Dkt. No. 76 at 2, ¶ 4 (citing Dkt. No. 72 at 2–3, ¶¶ 5–6).
[56] Dkt. No. 72 at 3, ¶ 7.

intermediary deadlines to give the parties time to: (1) finalize the disbursal documents with respect to just compensation for the takings, (2) complete a new survey of the land, and (3) give the parties time to assess a "runoff issue" in which "runoff water will overwhelm and damage the canal."[57]

The parties "agreed to bind themselves to a series of proposed deadlines" which they indicate will further the settlement of this case.[58] The Court finds good cause in the parties' settlement and proposed deadlines. Accordingly, the Court's May 13, 2021 First Amended Scheduling Order[59] is **STAYED** and the Court will presently stay its consideration of the various motions the parties filed in October and November 2021.[60] In lieu of the now-stayed matters, the Court enters this case-specific scheduling order which controls disposition of this action until further order of the Court. The following actions shall be completed by the dates indicated:

| PRETRIAL EVENTS | DEADLINES |
|---|---|
| Deadline for Plaintiff to provide a written analysis of the "runoff issue," an evaluation of whether Plaintiff's contractor met the original design for construction along the relevant levee, and an evaluation of whether corrective action is needed, and, if so, proposed remedies. | March 31, 2022 |
| Deadline for Defendant Hidalgo County Irrigation District No. 2 to provide its written assessment of Plaintiff's analysis of the runoff issue. | May 31, 2022 |
| Deadline for all parties to file a joint status report to provide the Court their assessment of the path forward regarding the runoff issue. | June 7, 2022 |
| Status conference. | June 14, 2022, at 9:00 a.m. |

---

[57] Dkt. No. 76 at 4–5, ¶¶ 14–19.
[58] *Id.* at 4, ¶ 15.
[59] Dkt. No. 33.
[60] Dkt. Nos. 56, 58–59.

This scheduling order supersedes any earlier schedule, is binding on all parties, and shall not be modified except by leave of Court upon showing of good cause.[61] All other deadlines not specifically set out in this scheduling order will be governed by the Federal Rules of Civil Procedure and this Court's Local Rules.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 12th day of January 2022.

_____
Micaela Alvarez
United States District Judge

---

[61] *See* FED. R. CIV. P. 16(b)(4); 6A ARTHUR R. MILLER, MARY KAY KANE & A. BENJAMIN SPENCER, FEDERAL PRACTICE AND PROCEDURE § 1522.2 (3d ed. 1998 & Supp. Apr. 2021).